FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN BRANDOM,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:16-CV-05152-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 20. Attorney D. James Tree represents John Brandom (Plaintiff); Special Assistant United States Attorney Summer Stinson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on February 5, 2013, Tr. 242, alleging

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

disability since March 13, 2008, Tr. 212-221, due to depression, anxiety, attention deficit hyperactivity disorder (ADHD), posttraumatic stress disorder (PTSD), short term memory loss, panic attacks, numbness in the legs, insomnia, depression, and restless leg syndrome. Tr. 245. The applications were denied initially and upon reconsideration. Tr. 127-139, 142-159. Administrative Law Judge (ALJ) Wayne N. Araki held a hearing on March 12, 2015 and heard testimony from Plaintiff and vocational expert, Kimberly Mullinax. Tr. 34-62. At this hearing, Plaintiff amended his alleged date of onset on his SSI claim to July 11, 2014 and withdrew his Request for a Hearing on his DIB claim. Tr. 37. The ALJ issued an unfavorable decision on April 23, 2015. Tr. 15-28. The Appeals Council denied review on September 28, 2016. Tr. 616-622. The ALJ's April 23, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 18, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 35 years old at the amended date of onset. Tr. 214. Plaintiff completed the twelfth grade in 1997. Tr. 246. His reported work history includes the jobs of deliverer, laborer, maintenance worker, janitor, cashier, "mudder," telemarketer, and dishwasher. Tr. 247, 262. He reported that he stopped working in March of 2008 because of his conditions and because he was arrested. Tr. 246.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the

national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On April 23, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 5, 2013, the date of application.  Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments:  ADHD/attention deficit disorder (ADD); affective disorder/depression; anxiety disorder/panic disorder/PTSD; personality disorder; substance addition disorder; and muscle/soft tissue disorder of the right wrist and left shoulder.  Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> He is able to lift or carry 20 pounds occasionally and 10 pounds frequently.  He does not have any restrictions on sitting.  He is able to stand or walk for 2 hour intervals and be on his feet for 8 hours a day with normal breaks.  He should not climb ladders, ropes or scaffolds.  He is able to occasionally climb stairs or ramps.  He can frequently balance, stoop, kneel, crouch or crawl.  He is able to frequently engage in fingering and handling with the dominant right upper extremity.  He is able to remember, understand and carry-out instructions and tasks generally required by occupations with a Specific Vocational Preparation (SVP) of 1-2 but not more.  He is able to have superficial, infrequent interaction with the general public.  He can have occasional interaction with coworkers or supervisors.  He is able to make adjustments to changes in routine workplace setting generally associated with occupations with an SVP of 1-2.  The work tasks should not include goal setting or planning.  The job tasks should not require

> assistance of others for completion, but occasional assistance is not precluded. The work station should not have more than 25 people in close proximity.

Tr. 20. The ALJ identified Plaintiff's past relevant work as a newspaper delivery driver, janitor, telemarketer, winery worker, material handler, cleaner housekeeping, kitchen helper, deliverer outside, cashier II, and harvest worker field crop. Tr. 26. He concluded that Plaintiff was not able to perform his past relevant work. *Id*.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cleaner housekeeper, assembler production, outside deliverer, and mail clerk.[1] Tr. 27. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date of application, February 5, 2013, through the date of the ALJ's decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

---

[1]The Court notes that for the jobs of cleaner housekeeper, DOT Code 323.687-014, and outside deliverer, DOT Code 230.663-010, the ALJ had already found at step four that the "demands of these occupations exceed [Plaintiff's] residual function capacity." Tr. 26. Therefore, the ALJ's finding at step five that Plaintiff "would be able to perform the requirements" of these positions is inconsistent. *See* Tr. 27. Considering the step four and step five findings as to these jobs cannot both be true, the ALJ erred. Upon remand, the ALJ is instructed to call a vocational expert to testify as part of any step four or five determinations.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh and address the medical opinions in the record and (2) failing to properly weigh Plaintiff's symptom reports.

## DISCUSSION

**A.     Medical Opinions**

Plaintiff argues that the ALJ erred in discounting the opinion of Laurie Jones, LMHP while giving controlling weight to medical opinions that predate the onset date. ECF No. 16 at 5-12.

At the hearing, Plaintiff amended his date on onset to July 11, 2014. Tr. 37. The ALJ stated that he accepted the amendment at the hearing, Tr. 38, and noted the amendment in his written decision, Tr. 15. Amending his onset date to July 11, 2014 resulted in Plaintiff withdrawing his Request for a Hearing in his DIB claim and the previous Reconsideration Determination denying his application becoming final. Tr. 12, 15. Despite Plaintiff's amendment, the ALJ's acceptance, and the dismissal of the DIB claim, the ALJ's decision denying Plaintiff's SSI application was for the time period of February 5, 2013 through April 23, 2015. Tr. 17-28.

In forming this residual functional capacity determination, that ALJ gave significant weight to the state agency opinions from Eugene Kester, M.D. and Dan Donahue, Ph.D. dated May 1, 2013 and July 30, 2013, respectively. Tr. 23 (referring to Tr. 92-94, 120-122). The ALJ then gave weight to the opinion of Jan Kouze, E.D. dated July 2012. Tr. 24 (citing Tr. 363-366, 588-592). He gave some weight to the opinion of Aaron R. Burdge, Ph.D. dated September 11, 2012. Tr. 24 (citing Tr. 367-372, 514-519). He gave some weight to the opinion from Philip Barnard, Ph.D. dated December 13, 2012. Tr. 25 (citing Tr. 397-400, 532-535). Finally, the ALJ gave little weight to the July 11, 2014 opinion of Lauri Jones, LMHP. Tr. 25 (citing Tr. 509-512).

Of all the opinions considered by the ALJ, Lauri Jones' was the only one within the relevant time period of July 11, 2014 through April 23, 2015. *See*

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). The ALJ's depiction of the relevant time period as beginning in 2013 is questionable and results in the inclusion of pre-onset date opinions in his residual functional capacity analysis.

Additionally, the evidence submitted to and considered by the Appeals Council, Tr. 604-615, appears to provide additional support for Laurie Jones' opinion. Caryn L. Jackson, M.D., examined Plaintiff in March of 2015, Tr. 594-599, and on April 29, 2015 opined that she agreed with Laurie Jones' July 11, 2014 opinion. Tr. 604-607. While the Court acknowledges that this information was not available to the ALJ at the time of his decision, Tr. 32-33, it must review this evidence to determine if the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). Here, considering the only two opinions in the entire record that address the relevant time period are from Laurie Jones and Dr. Jackson, the Court finds that the substantial evidence does not support the ALJ's decision to discount the July 11, 2014 opinion. Therefore, this case is remanded for the ALJ to address the body of evidence in perspective of the relevant time period.

**B.    Plaintiff's Symptom Reports**

Plaintiff contests the ALJ's determination that Plaintiff's symptom reports are less than fully credible. ECF No. 16 at 12-20.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is

not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 21. The evaluation of a claimant's statements regarding limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to address the medical opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary to determine if they are consistent with the record as a whole in accord with S.S.R. 16-3p.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to

find Plaintiff disabled if all the evidence were properly evaluated as there is a limited amount of evidence during the relevant time period. Further proceedings are necessary for the ALJ to clearly identify the relevant time period based on Plaintiff's alleged date of onset, to address the medical opinions from the relevant time period, and to address Plaintiff's symptom reports during the relevant time period. Additionally, the ALJ will supplement the record with any outstanding medical evidence, make new step four and five determinations, and call a psychological and a vocational expert to testify at a remand hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED November 7, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE